Lee F. **PARKER;** Diane K. **Parker**
**Petitioners—Appellants**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent—
Appellee.**

No. 99–71517.

Tax Ct. No. 0971–3: 9590–98.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2001.

Decided July 5, 2001.

Before BEEZER, O'SCANNLAIN, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Lee and Diane Parker appeal the tax court's decision sustaining the Commissioner of Internal Revenue's assessment of a deficiency on their 1991 tax returns. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary. We affirm on the basis of the tax court's memorandum disposition.

I

The tax court held that, in order to defer recognition of the gain on the 1991 sale of their principal residence under 26 U.S.C. § 1034, the Parkers were required, within two years of the sale of their old residence, *both to purchase and to put into use* a new

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

principal residence which cost more than the sales price of their old principal residence. This conclusion of law is correct. 26 U.S.C. § 1034(a) (setting forth that the "new residence" includes only "property ... *purchased and used* ... as [the] principal residence" within "a period ... ending 2 years" after the sale of the "old residence" (emphasis added)); *see Kern v. Granquist*, 291 F.2d 29, 33 (9th Cir.1961) ("We can only conclude, as did the trial court, that the Congress intended to permit the taxpayer to obtain the benefit, taxwise, *only of so much* of the cost of construction of, or improvements to, a new house *as the taxpayer had constructed and used* within the [statutory] period ...." (emphasis added)).

## II

The tax court found that, although the Parkers spent a total of $380,045.96 within the statutory period to purchase a new 1400 square-foot home and to begin construction on a detached 3000 square-foot house,[1] the Parkers did not put their unfinished 3000 square-foot house into residential use within two years. Because their new 1400 square-foot home cost the Parkers only $169,500, and because the Parkers sold their old residence for $363,353, the tax court found that the sales price of the Parkers' old residence exceeded the purchase price of the portion of the Parkers' new residence which was both purchased and put into use within two years. These findings of fact are not clearly erroneous.

AFFIRMED.

---

1. The cost of "purchasing" a new residence includes costs due to buying a residence, costs due to constructing a residence, or some combination of the two. 26 U.S.C. § 1034(c)(2) ("A residence any part of which was constructed or reconstructed by the taxpayer shall be treated as purchased by the taxpayer.").